-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONALD BOWENS,

        Plaintiff,

  -v-

M.E. POLLOCK, Corrections Sergeant at
Groveland Correctional Facility;
J. LINDSAY, Program Committee Chairperson at
Groveland Correctional Facility;
BONNIE L. O'BRIEN, Inmate Grievance Supervisor
and Inmate Committee Chairperson at
Groveland Correctional Facility;
SCHOENACKER, Review Officer at Groveland Correctional Facility;
W.E. WILCOX, Watch Commancer, Hearing Officer at
Groveland Correctional Facility;
KELLER, Investigating Lieutenant at
Groveland Correctional Facility;
KELSAY, Investigating Lieutenant at Groveland Correctional Facility;
CARL B. HUNT, Superintendent for Groveland Correctional Facility;
S. KRUPPNER, Deputy Superintendent for Administration at
Groveland Correctional Facility;
A. BARTLETT, Deputy Superintendent for Programs at
Groveland Correctional Facility;
KREMPSKY, Deputy Superintendent for Security for
Groveland Correctional Facility; and
JOHN DOE, Correctional Officer and/or Sergeant at
Groveland Correctional Facility,

        Defendants.

**DECISION and ORDER**
06-CV-0457A(Sr)

        Plaintiff, Donald Bowens, who is incarcerated at the Bare Hill Correctional Facility and was formerly incarcerated at the Groveland Correctional Facility where the underlying events alleged in the complaint arose, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has both met the statutory requirements and

furnished the Court with a signed Authorization. Accordingly, plaintiff's request to proceed as a poor person is hereby granted. In addition, plaintiff's complaint has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria.[1]

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Plaintiff is directed to identify defendant John Doe through discovery as soon as possible, and then apply to this Court for an order directing amendment of the caption and service on the defendant as soon as he has been identified.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED.

Dated:    1/16, 2007
         Buffalo, New York

/s/ WILLIAM M. SKRETNY
United States District Judge

P:\Duty Judge orders\06-0457.gif.wpd

---

[1] See, e.g., McEachin v. McGuiniss, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua sponte dismissals of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.'") (quoting Moorish Sci. Temple of Am. Inc. v. Smith, 693 F.2d 987, 990 (2d Cir. 1982); Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("Sua sponte dismissal of a pro se complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

2